Abel Alfonso **MACHUCA-SEGURA**, Petitioner,

v.

Eric H. **HOLDER**, Attorney General,* Respondent.

No. 07–73629.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2010.**

Filed Sept. 7, 2010.

Richard Flores Lemus, Esquire, Law Offices of Richard F. Lemus, Fullerton, CA, for Petitioner.

---

* Eric H. Holder is substituted for his predecessor Michael B. Mukasey as United States Attorney General. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan Bennett Green, Trial, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, GOULD and IKUTA, Circuit Judges.

### MEMORANDUM ***

The Board of Immigration Appeals ("BIA") did not err in rejecting Machuca–Segura's collateral attack on his 1992 deportation order. Applying the law in effect as of the 1992 deportation hearing, *see Matter of Malone*, 11 I. & N. Dec. 730, 731–32 (BIA 1966); *see generally Hernandez–Almanza v. INS*, 547 F.2d 100, 102–03 (9th Cir.1976), an Immigration Judge ("IJ") had a duty to inform an alien of relief for which he was eligible based on information in the record, *see* 8 C.F.R. § 242.17(a) (1992). The IJ had no duty, however, to inform Machuca–Segura of his eligibility for relief as a lawful permanent resident, because Machuca–Segura deliberately concealed his identity and facts relevant to that status. *See, e.g., Moran–Enriquez v. INS*, 884 F.2d 420, 422 (9th Cir.1989). Machuca–Segura has also failed to establish that his statutory right to counsel was violated at the 1992 deportation hearing, *see Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1439 (9th Cir.1986), or that the unavailability of a transcript from the hearing resulted in prejudice, *see Silva v. Carter*, 326 F.2d 315, 322 (9th Cir.1963). Accordingly, the IJ's issuance of the 1992 deportation order was not a gross miscarriage of justice. *Ramirez–Juarez v. INS*, 633 F.2d 174, 175–76 (9th Cir.1980) (per curiam).

We also reject Machuca–Segura's claim that his due process rights were violated in the 2005 and 2007 removal proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000). Machuca–Segura concedes that the IJ recused himself upon learning that he had been the trial attorney in the 1992 proceeding. Moreover, Machuca–Segura has not identified any information in the missing transcripts for the 2005 and 2007 hearings that would have altered the outcome of his case. *United States v. Medina*, 236 F.3d 1028, 1032 (9th Cir.2001).

Because the 1992 deportation order did not result from a gross miscarriage of justice, it retains its validity and effectively terminated Machuca–Segura's status as a lawful permanent resident. *See* 8 U.S.C. § 1101(a)(20) (1988); *see also* 8 C.F.R. § 1001.1(p); *Foroughi v. INS*, 60 F.3d 570, 575 (9th Cir.1995). He is therefore ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) or waiver of inadmissibility under 8 U.S.C. § 1182(c) (1994), both of which expressly apply only to lawful permanent residents.

**PETITION DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.